**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**MATTHEW N. BALLARD,**

**Plaintiff,**

**v.**

**MISSION LANE LLC,**

**Defendant.**

**Case No.** 3:23-CV-513-RGJ

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Mission Lane LLC ("Mission Lane" or "Defendant"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., gives notice of the removal of this action from the Hardin Circuit Court, Hardin County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division. As grounds in support of this removal, Defendant states as follows:

**INTRODUCTION**

1. Plaintiff Matthew Ballard ("Plaintiff") commenced this action by filing a complaint in the Hardin Circuit Court, Hardin County, Kentucky, Case No. 23-CI-01231 on or about August 21, 2023.

2. Defendant was served with the Complaint on or about September 1, 2023. As such, this Notice of Removal is timely under 28 U.S.C. § 1446.

3. Plaintiff's complaint is premised on allegations of Defendant's purported failure to inform credit reporting agencies of a direct dispute from Plaintiff, failure to investigate Plaintiff's dispute, and continual false reporting. (*See* Compl. ¶¶ 11, 14.)

4. Based on these allegations, Plaintiff purports to assert a federal claim against Defendant under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). (*See* Compl. ¶¶ 12, 15.)

5. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

**FEDERAL QUESTION JURISDICTION**

6. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. This is a civil action arising under the Constitution, laws, or treatises of the United States because Plaintiff asserts claims against Defendant based upon an alleged violation of the FCRA, which is a federal consumer protection statute. (*See* Compl. ¶¶ 12, 15; *see also* 15 U.S.C. § 1681 *et seq.*) Accordingly, Plaintiff's FCRA claim arises under the laws of the United States and could have been originally filed in this Court.

**ADOPTION AND RESERVATION OF DEFENSES**

8. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Citibank's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

**PROCEDURAL REQUIREMENTS**

9. True and correct copies of "all process, pleadings, and orders" served upon Defendant are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendant to date in this case.

10. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

11. Defendant has heretofore sought no similar relief.

12. The United States District Court for the Western District of Kentucky, Louisville Division, is the court and division embracing the place where this action is pending in state court.

13. Contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the clerk of the Hardin Circuit Court, Hardin County, Kentucky and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

14. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, Defendant Mission Lane LLC prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Hardin Circuit

Court, Hardin County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted this the 29th day of September, 2023,

*/s/ Reid S. Manley*
Reid S. Manley
Kentucky Bar No. 90360
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
MISSION LANE LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 29th day of September, 2023:

David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40202
Tel: (502) 443-1060
*Counsel for Plaintiff*

*/s/Reid S. Manley*
Reid S. Manley
Attorney for Defendant
MISSION LANE LLC